UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHERYL HOLLAND,

    Defendant.

NO. CR-02-149-RHW

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION**

Before the Court are Defendant's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Ct. Rec. 63) and Motion to Appoint Counsel in 28 U.S.C. § 2255 Petition (Ct. Rec. 64). In her Amended Motion, Defendant contends that, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), her sentence violated her Sixth Amendment rights, and asks that her sentence be vacated, and that she be re-sentenced in accordance with the Constitution. Defendant also asserts that her counsel rendered her ineffective assistance in violation of the Sixth Amendment.

### BACKGROUND

Defendant was charged with and plead guilty to Conspiracy to Possess Red Phosphorus with Intent to Distribute, in violation of 18 U.S.C. § 846. On February 14, 2003, the Court sentenced her to 108 months imprisonment, 3 years supervised release, and a $100 special penalty assessment. Defendant appealed her sentence to the Ninth Circuit, which summarily affirmed the judgment. She petitioned for a writ of certiorari to the United States Supreme Court, which was denied on October

ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL
IN 28 U.S.C. § 2255 PETITION ~ 1

4, 2004.

In sentencing Defendant, the Court looked to analogous guidelines because there were no Guideline provisions for possession with intent to distribute red phosphorus and determined that her offense level was 14. The Court then upward departed by 16 levels because the Court determined that it was not a "heartland" case in that the type of material and the quantity of material were not accounted for in the analogous guideline.

DISCUSSION

A federal prisoner, under 28 U.S.C. § 2255, may move the court to vacate, set aside or correct a sentence on the grounds that (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such a sentence; or (3) that the sentence exceeded the maximum authorized by law. Unless the motion, files, and records conclusively show the prisoner is not entitled to relief, the court shall cause notice to be served upon the United States Attorney, grant a prompt hearing, determine the issues, and make findings of fact and conclusion of law. 28 U.S.C. § 2255. If it is plainly apparent that the petitioner is not entitled to relief, however, pursuant to Rule 4(b), Rules Governing Proceedings in the United States District Courts, the court may voluntarily, *sua sponte*, dismiss the motion.

**A.      Violation of Sixth Amendment Right to Trial**

Defendant argues that her sentence violated her Sixth Amendment right to trial, relying on *United States v. Booker*, *United States v. Ameline*,[1] and *United States v. Kortgaard*.[2]

In *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), the circuit held that *Booker* did not apply retroactively to convictions that became final prior to its

[1]409 F.3d 1073 (9th Cir. 2005).

[2]425 F.3d 602 (9th Cir. 2005).

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 2**

pronouncement.  *Id.* at 1121.  In this case, Defendant's conviction became final on October 4, 2004, and *Booker* was decided on January 12, 2005.  To the extent Defendant relies on *Booker* and subsequent cases to challenge her sentence, she is not entitled to relief.

Defendant also argues that possession of red phosphorus, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine is not a federal crime.  Defendant argues that because red phosphorus is not listed in 21 U.S.C. § 802(34), it is not a list I chemical.  Although Defendant is correct that red phosphorus is not listed in 21 U.S.C § 802(34), the section does not profess to be an all-inclusive listing of all List I chemicals.  The statute provides:

> "The term "list I chemical" means a chemical specified by regulation of the Attorney General as a chemical that is used in manufacturing a controlled substance in violation of this subchapter and is important to the manufacture of the controlled substances, and such term includes (until otherwise specified by regulation of the Attorney General or upon petition to the Attorney General by any person) the following: . . .

21 U.S.C. § 802(34).

The statute goes on to list certain chemicals, and red phosphorus is not listed.  This is not dispositive, however.  The term "includes" indicates that Congress did not intend for the statute to set forth an all-inclusive list.  *See Federal Trade Comm'n v. MTK Mktg., Inc.*, 149 F.3d 1036, 1040 (9th Cir. 1998) ("[i]n terms of statutory construction, use of the word 'includes' does not connote limitation.  In definitive provisions of statutes and other writings, 'include' is frequently, if not generally used as a word of extension or enlargement rather than as one of limitation or enumeration.") (citation omitted).

Consequently, on October 17, 2001, the Drug Enforcement Administration

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 3**

issued a Final Rule that added red phosphorus to the List I chemicals.  Control of Red Phosphorous, White Phosphorus and Hypophosphorous Acid (and its salts) as List I Chemicals, 66 FR 526701 (Oct. 17, 2001).  As of November 16, 2001, the effective date of the final rule, red phosphorus is a List I chemical.  *Id.*; *see also* 21 C.F.R. § 1310.02(a).  Because Defendant was indicated on June 4, 2002, well after the time that red phosphorous was added to the List I chemicals, she is not entitled to relief regarding her claim that she was forced to plead guilty to a charge that did not exist.

Defendant also argues that she was sentenced greater than the maximum sentence.  Defendant's argument confuses the advisory guideline sentence with the statutory maximum sentence.  It is true that the Guidelines provided a sentence of less than 108 months, without the 16-level upward departure.  The statutory maximum sentence, however, is 20 years.  *Apprendi v. New Jersey* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the *prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000) (emphasis added).  Because Defendant was sentenced below the prescribed statutory maximum, there is no constitutional violation.

**B.    Ineffective Assistance of Counsel**

Defendant asserts that she was denied effective assistance of counsel.  She states that her counsel was unprofessional and never presented mitigating evidence.  She also states there was a serious breakdown in communication.  She asserts that she was mislead by her counsel when she plead guilty.  Defendant argues that by pleading guilty, she was exposed to a 16-level upward departure, where as if she had not plead guilty, she would have only been subjected to an 8-level upward departure.  Plaintiff also argues that she requested and verbalized to counsel multiple times to file certain pleadings.

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 4**

The Sixth Amendment of the United States Constitution guarantees the right of defendants to effective assistance of counsel.[3]  U.S. Const. Amend. VI; *United States v. Shwayder*, 312 F.3d 1109, 1117 (9th Cir. 2002).  To show a deprivation of the Sixth Amendment right to counsel, Defendant must establish that his lawyer's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mancuso v. Olivarez*, 292 F.3d 939, 953-54 (9th Cir. 2002).  There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Likewise, an attorney's trial tactics are presumed to be "sound trial strategy."  *Id.*

A "deficient" performance is one that is not reasonably effective, where an objective standard guides judgments of reasonableness.  *Id.* at 687-88.  To satisfy *Strickland's* first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance."  *Id.* at 690.  Defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.

A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a

---

[3]In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.  U.S. Const. Amend VI.

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 5**

probability sufficient to undermine confidence in the outcome." *Id.* Thus, *Strickland's* second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Defendant has failed to show that her counsel's performance was deficient. Defendant asserts that her counsel failed to present mitigating evidence. This is not true. Her counsel submitted Objections to the Presentence Report and Motion for Downward Departure, and the transcript of the sentencing hearing reflects that Ms. Hunt zealously represented Defendant's case.

Moreover, Defendant's argument that she was mislead into entering into the plea also fails. The plea agreement, which was signed by Defendant, did not set forth a specific recommendation as to the applicable base offense level. Both parties reserved the right to argue their respective positions with regard to the base offense level. The plea agreement also anticipated that the parties would be seeking departures. The plea agreement specifically states that the Court did not have to accept any of the parties' sentencing recommendations. Defendant's argument that she would have received only an eight level upward departure if she had not plead is misplaced. By pleading guilty, Defendant received a three-point reduction that she would not have received if she had gone to trial.

Also, any upward departure was at the sole discretion of the Court. There was nothing Defendant's counsel could have done that could have guaranteed Defendant receive a specific upward departure, other than to ask the Court to accept the plea as a Fed. R. Crim. P. 11(c)(1)(c) plea, although there was no guarantee that the Court would have accepted such a plea. Even so, Defendant is not necessarily making this argument. Instead, Defendant is arguing that she would not have entered into the plea, but for being mislead by her counsel. There is no evidence in the record that Defendant was mislead, since the plea agreement

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 6**

1 did not address any specific terms regarding any upward or downward departures.

2 Defendant argues that Ms. Hunt was ineffective because Defendant and her

3 mother repeatedly asked Ms. Hunt to file motions based on *United States v.*

4 *Booker*, *United States v. Ameline*, and *United States v. Kortgaard*. As set forth

5 above, Defendant's appeal was filed prior to the issuance of these orders.

6 Defendant's Sixth Amendment right to counsel was met by the filing of her appeal.

7 Ms. Hunt was under no constitutional obligation to file these additional motions,

8 notwithstanding the fact that she sought and received permission from the Court to

9 file a § 2255 on behalf of Defendant.

10 Defendant is not entitled to relief on her claim of ineffective assistance of

11 counsel.

12 **C.    Motion for Appointment of Counsel**

13 Appointment of counsel to represent a petitioner in an action pursuant to 28

14 U.S.C. § 2255 is discretionary with the Court. 18 U.S.C. § 3006A(2)(b). The

15 Court is permitted to appoint counsel for an indigent petitioner when the interests

16 of justice so require. *Id.* The purpose of section 3006A is "to provide for

17 appointed counsel whenever required by the constitution." *Knaubert v. Goldsmith*,

18 791 F.2d 722, 728 (9th Cir. 1986). A habeas corpus petitioner, however, has no

19 Sixth Amendment right to appointment of counsel. *Id.*

20 It does not appear to the Court that the legal issues in this case are so

21 complex that petitioner cannot present them *pro se*. The Court finds that petitioner

22 has shown an adequate ability to articulate her claims without this Court taking the

23 extraordinary step of appointing counsel to represent her.

24 Accordingly**, IT IS HEREBY ORDERED:**

25 1.    Defendant's Amended Motion to Vacate Sentence Under 28 U.S.C. §

26 2255 (Ct. Rec. 63) is **DISMISSED.**

27 2.    Defendant's Motion to Appoint Counsel in 28 U.S.C. § 2255 Petition

28 **ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 7**

(Ct. Rec. 64) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, provide copies to Defendant and counsel, and close the file.

**DATED** this 8th day of December, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\Holland\2255.ord3.wpd

**ORDER DISMISSING AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255; DENYING MOTION TO APPOINT COUNSEL IN 28 U.S.C. § 2255 PETITION ~ 8**